[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter presented to the court on January 6, 2003, on the short calendar docket relates to the defendant's motion to strike as filed on September 11, 2002, and the plaintiff's objection thereto filed on October 15, 2002. The plaintiff, George Charlesworth, is an attorney who purchased professional advertising space in the telephone directory published and distributed by the defendant SBC SNET Information Systems, Inc., a company providing telephone services throughout Connecticut.
On August 26, 2002, the plaintiff filed the operative seven-count, revised complaint. The complaint claims, inter alia, that in 1999, the defendant contacted the plaintiff to inquire into whether the plaintiff would be interested in purchasing advertising space in the defendant's 2000 "Shoreline" telephone directory. The plaintiff agreed to purchase space, but requested, among other things, that the defendant list the plaintiff's Guilford telephone number in the advertisement since the plaintiff had used that number in other advertisements in the Guilford/Madison area. The advertisement, when published by the defendant, failed to list the correct telephone number, failed to list the plaintiff as an attorney and failed to include "Jr." at the end of the plaintiff's name.
In 2000, the defendant again contacted the plaintiff about purchasing advertising space in the defendant's 2001 "Shoreline" telephone directory. The plaintiff again purchased space and made the same requests as had been made in 1999. Nevertheless, the defendant published the advertisement with the same errors. Since that time, the plaintiff has paid the defendant to maintain the telephone number that was incorrectly listed in the advertisements. Based on these allegations, the plaintiff's complaint seeks damages based upon negligence (counts one, four, and seven), a violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. (CUTPA) (count two), negligent misrepresentation (count three), wanton and reckless conduct (count five), and breach of the implied covenant of good faith and fair dealing CT Page 2021 (count six).
The defendant has responded by filing the present motion to strike counts two, five, and six of the complaint and submitted a supporting memorandum of law. On October 10, 2002, the plaintiff filed a memorandum of law in opposition to the defendant's motion to strike, and filed an objection to the defendant's motion to strike on October 15, 2002. Thereafter, both the plaintiff and the defendant filed additional responsive memorandums.
In reviewing a motion to strike and objections thereto as in this case, the reviewing court is required to construe the complaint in the manner most favorable to sustaining its legal sufficiency. The Court must ". . . assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly." (Citation omitted; internal quotation marks omitted.) Macomber v. Travelers Property CasualtyCorp. , 261 Conn. 620, 629, 803 A.2d 311 (2002).
 I
The defendant moves to strike count two of the plaintiff's complaint on the ground that the plaintiff has not alleged sufficient facts to support a CUTPA claim. The defendant contends that the plaintiff simply alleges that the defendant made various errors in publishing the plaintiff's advertisement. The defendant maintains that such allegations, at best, support actions sounding in negligence, breach of contract, or negligent misrepresentation, but fail to support an action under CUTPA.
The plaintiff counters that the facts are sufficient to support count two of the complaint. More specifically, the plaintiff asserts that it is sufficient under CUTPA to allege that the defendant committed an unfair trade practice by charging the plaintiff for a phone line that is maintained by the plaintiff solely due to the defendant's incorrect directory listing of the plaintiff's advertisement. The plaintiff further argues that the CUTPA claim is supported by the allegation that in 2000 the defendant's employee negligently misrepresented a fact when the employee told the plaintiff that the advertisement would be published with the correct number.
General Statutes § 42-110b (a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "[I]t is well settled that in determining whether a practice violates CUTPA [the Connecticut Supreme Court has] adopted the criteria set out in the cigarette rule by CT Page 2022 the federal trade commission for determining when a practice is unfair: (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, [competitors or other business persons] . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric Supply Co. v. Allen-BradleyCo., 250 Conn. 334, 367-68, 736 A.2d 824 (1999).
"A majority of Superior Court cases support the claim that a simple breach of contract, even if intentional, does not amount to a violation of CUTPA; a claimant must show substantial aggravating circumstances to recover under the Act." York v. A. Deroy Sons General Contractor,Inc., Superior Court, judicial district of New London at New London, Docket No. 013538 (October 11, 2001, Leuba, J.); see also Crockwell v.Government Employees Ins. Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 090777 (October 2, 2001, Gilardi, J.). "Where the plaintiff alleges sufficient aggravating circumstances, beyond a mere breach of contract that may bring the case within the cigarette rule, the CUTPA claim may withstand a motion [to strike]." (Internal quotation marks omitted.) Hendriks Associates v. Old LymeMarina, Inc., Superior Court, judicial district of New London, Docket No. 546496 (November 22, 2000, Martin, J.).
The plaintiff further alleges that after the 2000 advertising error, once again, the defendant listed the wrong number in the plaintiff's 2001 advertisement and that the defendant sought to remedy the error by assigning the number to the plaintiff. Despite doing so, however, the plaintiff alleges that the defendant has continued to charge the plaintiff for the telephone number. In essence, the plaintiff alleges that, not only has the defendant breached the contract by listing the incorrect number, but the defendant has also created grounds for the CUTPA claim by charging the plaintiff for the defendant's mistake compounded by the misstatements of employees that the original advertising error would be corrected when in fact it was not.[1]
In the view of this court, the allegations in count two of the complaint are not sufficient in gravity to be characterized as substantial aggravating circumstances thereby meeting the basic threshold for a CUTPA claim. CT Page 2023
 II
The defendant also moves to strike count five of the complaint which is based upon wanton and reckless conduct. The defendant contends that the plaintiff has failed to allege sufficient facts to support a claim for wanton and reckless conduct. Specifically, the defendant maintains that the plaintiff alleges, at most, that the defendant failed to take reasonable precautions to avoid making and repeating certain mistakes in its placement of the plaintiff's professional advertising.
The plaintiff contends that it is enough to allege that the defendant repeatedly published the incorrect telephone number, failed to identify the plaintiff as an attorney, and misrepresented the composition of the plaintiff's law firm.
The Connecticut Appellate Court has addressed the issue of the standards which measure wanton and reckless conduct. "Recklessness is a state of consciousness with reference to the consequences of one's acts . . . It is more than negligence, more than gross negligence . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . Wanton misconduct is reckless misconduct . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . ."
"While we have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice the three terms have been treated as meaning the same thing. The result is that `willful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion, and more than mere thoughtlessness or inadvertence, or simply inattention." (Citations omitted; internal quotation marks omitted.) Craig v.Driscoll, 64 Conn. App. 699, 720-21, 781 A.2d 440, cert. granted on other grounds, 258 Conn. 931, 785 A.2d 228 (2001).
The plaintiff's allegations taken in their most favorable light do not meet such a standard. In count five, the plaintiff incorporates allegations from the first and fourth counts, which sound in negligence. The plaintiff further alleges that the defendant failed to make CT Page 2024 corrections despite the fact that the defendant was informed of the mistakes and that the defendant knew that plaintiff's business relied upon the advertisement. The court, however, fails to see how these additional allegations take the plaintiff's claim out of the realm of negligence and into the realm of wanton or reckless conduct. The facts as alleged in count five are not sufficient to support a claim for wanton and reckless conduct.
 III
Finally, the defendant moves to strike count six, the plaintiff's claim for breach of the implied covenant of good faith and fair dealing. The defendant contends that the plaintiff has merely alleged a claim for negligence, and thus, has failed to allege facts that would support a finding of bad faith.
The plaintiff, however, counters that he has indeed alleged bad faith. The plaintiff contends that the repetitive nature of the defendant's mistakes are sufficient to support an allegation of bad faith.
To overcome a motion to strike, a plaintiff must allege facts that demonstrate: "First, that the plaintiff and defendant were parties to a contract under which the plaintiffs reasonably expected to receive certain benefits; second, that the defendants engaged in conduct that injured the plaintiff's right to receive some or all of those benefits; and third, that when committing the acts by which it injured the plaintiff's right to receive benefits it reasonably expected to receive under the contract, the defendant was acting in bad faith." (Internal quotation marks omitted.) Joseph Cohn Son, Inc. v. Barclay WhiteSkanska, Inc., Superior Court, judicial district of New Haven, Docket No. 456803 (May 10, 2002, Booth, J.).
There is little question that the plaintiff has alleged sufficient facts to satisfy the first two elements. The question is whether the plaintiff has alleged sufficient facts to satisfy the third element, which requires bad faith. "Bad faith in general implies both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive . . . Bad faith means more than mere negligence; it involves a dishonest purpose." (Citation omitted; internal quotation marks omitted.) Habetz v. Condon, 224 Conn. 231, 237,618 A.2d 501 (1992).
The court finds that the plaintiff's allegations do not support a bad CT Page 2025 faith claim. The defendant's various mistakes in publishing the erroneous advertisements in the 2000 and 2001 telephone directories do not equate to conduct which can be defined as bad faith. The court fails to see how the defendant's mistakes can be looked upon as signifying a dishonest purpose. The plaintiff has, at most, alleged sufficient facts for actions sounding in breach of contract and negligence, but not for a breach of the implied covenant of good faith and fair dealing.
The defendant's Motion to Strike counts two, five and six is granted.
 THE COURT
RONAN, J.